UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| MICHELLE DAUWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-83-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of | ) | **AND ORDER** |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court previously reversed the ALJ's decision to deny the plaintiff's claim for disability benefits. R. 15. But, rather than award benefits outright, the Court remanded solely for the ALJ to provide additional reasoning. *Id.* The plaintiff has since filed a motion seeking attorney's fees and costs under the Equal Access to Justice Act, R. 17—which permits a party who prevails against the government to recover certain expenses if the government's position is not substantially justified. 28 U.S.C. § 2412. The government concedes the plaintiff is entitled to fees and costs, R. 23. But the request must be denied as to the fees.

The plaintiff is not eligible for payment of attorney's fees at this time. The EAJA says that a prevailing party can only recover for expenses "incurred by that party." 28 U.S.C. § 2412(d)(1)(A). As this Court explained in *Turner v. Astrue*, No. 08-391, 2010 WL 3636145, at \*3 (E.D. Ky. Sept. 14, 2010), fees are only "incurred" as provided in the prevailing party's fee agreement with his counsel. Here, the plaintiff's fee agreement says, "I understand that no attorney fees will be due unless I am awarded Social Security or Supplemental Security Income

(SSI) benefits based on disability." R. 19 at 4. Because she has not yet been awarded benefits, the plaintiff has not "incurred" attorney's fees under the agreement and thus is ineligible for a fee payment under the EAJA. *Id.* at *18.

On the other hand, the plaintiff's request for payment of her attorney's costs—court filing fees, R. 21, Attach. 2—is granted. While the EAJA also says that costs are only compensable in the amount "incurred by such party in the litigation," 28 U.S.C. § 2412(a)(1), the plaintiff has actually "incurred" costs under her fee agreement. The agreement says simply that the plaintiff will pay her attorney for her costs—including court filing fees—whether she wins benefits or not. R. 19 at 4.

Finally, the plaintiff asks that payment of her EAJA award be made directly to her counsel. R. 22. But the Supreme Court recently held that EAJA fee awards under § 2412(d) should be paid directly to the prevailing party because—like § 2412(a)—that provision says that the award should be made to the "prevailing party," not the prevailing party's attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2525-26 (2010).

It is true that the plaintiff did assign her right to an EAJA award to her attorney. R. 21, Attach. 1. But she overlooks the Anti-Assignment Act. 31 U.S.C. § 3727. As other courts have held, *see Hayes v. Astrue*, No. 06-05720, 2008 WL 648463, at *3-4 (N.D. Cal. March 5, 2008); *Vinning v. Astrue*, 668 F. Supp. 2d 916, 929 (N.D. Tex. 2009), the act does apply to EAJA awards: It broadly encompasses both "a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim" and "the authorization to receive payment for any part of the claim." 31 U.S.C. § 3727(a)(1)-(2); *see also Nutt v. Knut*, 200 U.S.

12, 21 (1906) (giving an attorney any "priority in the distribution of [] money received [by the client] from the United States" would also be subject to the statute's requirements). And it imposes stringent requirements on the assignment of claims against the United States including that 1) "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued;" 2) "[t]he assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses;" and 3) "[t]he person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment." 31 U.S.C. § 3727(b). These requirements are not met here.

Accordingly, it is **ORDERED** that the motion, R. 17, is **GRANTED IN PART AND DENIED IN PART**. The plaintiff is not awarded attorney's fees. However, the plaintiff is awarded **$415.00** in **COSTS**, payable directly to the plaintiff—assuming the plaintiff does not owe anything to the United States Treasury, R. 22.

This the 8th day of February, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge